JUSTICE NELSON
specially concurs.
¶ 137 I concur with and have signed the Court’s opinion. I write separately only because I strongly disagree with Justice Gray’s articulated suspicion that our failure to resolve Issue 8 and our directive to the trial court to reconsider its decision on this issue “is a backhanded way of telling the District Court that it erred.” That was not my thinking when I voted for and signed the Court’s decision and I do not believe that was the rationale of any of the other justices in the majority. ¶138 Obviously, the videotape was an important piece of evidence in Ingraham’s presentation of his defense as far as he was concerned. Equally obvious, is that the State, considered the videotape damaging to its case. The point is, however, that Ingraham is entitled to have this evidence admitted on retrial if he can satisfy the Workman, Palmer and Brown criteria. If he cannot, then the State is entitled to keep this evidence from the jury. My concern and that of the majority was and is simply that, whatever decision is made on retrial; the court’s discretion must be exercised within the parameters of a full and complete consideration of the factors that this Court, in our prior decisions, has stated are controlling before the admission or rejection of this sort of evidence. In my view, our opinion should not be read as *54 standing for anything more or less than that, nor should it be read as a backhanded reversal of the District Court.
¶139 Finally, if the dissent’s concern is that resolving, rather than remanding, this issue will prevent a second appeal if Ingraham is again convicted, then I suggest that hope has triumphed over experience.
JUSTICE REGNIER concurs in the foregoing special concurrence.